IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Randy Lamond Mitchell, )
 ) C/A No. 8:18-1177-TMC
           Petitioner, )
 )
v. ) **ORDER**
 )
Warden of Lieber Correctional )
Institution, )
 )
           Respondent. )
 )

This matter is before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Randy Lamond Mitchell. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation ("Report") recommending Respondent's Summary Judgment Motion (ECF No. 13) be granted. (ECF No. 21). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. (ECF No. 21-1). Petitioner has timely filed objections to the Report (ECF No. 23), and Respondent filed a reply to those objections (ECF No. 25).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

---

[1] A magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

On October 3, 2010, a small group of people were watching football at a house in Rock Hill. (ECF NO. 14-1 at 166). Several of the occupants of the house testified that a short man in a white t-shirt with a sawed-off shotgun and a taller man with a pistol entered the house demanding money and cell phones. *Id.* at 167, 170, 182-85, 205-07, 210, 219-22. As the men were leaving, the man with the pistol pointed it to the ceiling and shot. *Id.* at 171, 186, 207.

At the same time, the neighborhood was under surveillance by the Rock Hill Police Department after reports of someone selling crack cocaine from one of the residences. *Id.* at 79-80. The police heard loud talking come from the house and saw a man in a white t-shirt, later identified as Gregory Crawford, exit the house. *Id.* at 87. At about that same time, the officers heard a gunshot coming from inside the house. *Id.* at 88, 270. They witnessed another man, later identified as Petitioner, exit the house. *Id.* He was putting a stocking cap, or dew rag, on his head when police heard another gunshot coming from around the man with the white t-shirt. *Id.* at 89, 270. The two men then began to run with the officers pursuing them. *Id.* The two men split up running in opposite directions and the officers also split up and continued chasing the men. *Id.* at 90-91, 271. Eventually, the men were apprehended and arrested. *Id.* at 94, 272

During a pat-down search of Petitioner, one of the officers found a pair of black gloves, a cell phone charger, a cell phone case, a Cricket cell phone, two keys on a key ring, a black bag, a Virgin mobile cell phone, and a pack of cigarettes. *Id.* at 234, 236, 237. Additionally, a wallet belonging to one of the occupants of the house, Everett Williams, was found in a trash can in a hallway at the police station. *Id.* at 249. Petitioner had walked near the trash can, and the officer

escorting Petitioner noticed he had made a hand movement towards the trash can. *Id.* at 254, 255. The officer testified that he searched the trash can a few minutes later and found the wallet. *Id.* at 255-56.

No weapons were found on the men. *Id.* at 95-96. The officers then began backtracking the route the chase had covered. *Id.* at 96, 272, 270. They found a pistol and a wallet behind a house, and a sawed-off shotgun with a shell in the chamber and a stocking cap near the start of the chase. *Id.* at 97-98, 100, 101, 102, 139, 272-73. A spent shell casing was found in the house. *Id.* at 142-43, 145. There were no fingerprints found on the guns. *Id.* at 146, 161. The DNA testing on the stocking cap showed three contributors of DNA, but Petitioner was excluded as a possible contributor. *Id.* at 123, 162. A GSR test was performed on Crawford and it came back negative for gunshot residue. *Id.* at 154.[2] Petitioner refused to submit to a GSR test.

In February 2011, Petitioner was indicted for first-degree burglary and armed robbery. (ECF No. 14-1 at 431-36). On February 29, 2012, following a jury trial, Petitioner was found guilty on both charges and sentenced to life imprisonment without the possibility of parole. *Id.* at 326.[3]

Petitioner filed a direct appeal raising the following issue:

Whether the trial court reversibly erred pursuant to Rule 403, SCRE, by permitting the State to elicit testimony [that] the Appellant was not cooperative and failed to give consent to a GSR test when asked to do so by the police?

*Id.* at 444. On March 12, 2014, the South Carolina Court of Appeals affirmed the conviction in an unpublished opinion. *Id.* at 453-54. The remittitur was sent down on March 28, 2014. (ECF No. 14-3).

---

[2]A GSR test is a gunshot residue test. (ECF No. 14-1 at 153).

[3]This was Petitioner's second trial on these charges. (ECF No. 14-1 at 351). The first trial ended in a hung jury. *Id.*

3

Petitioner then filed an application for post-conviction relief ("PCR") on April 3, 2014. (ECF No. 14-1 at 335-42). The PCR application alleged Petitioner was being held in custody unlawfully based on the following:

> The Applicant asserts ineffective assistance of trial Counsel. Applicant also asserts that due to his lack of understanding of the Law, Applicant request[s] that Counsel be appointed pursuant to 11.1(d) SCRCiv.P., and S.C. Code of Laws 17-27-90.
>
> The Applicant further asserts that due to the Lack of records and the assistance of Counsel, it would be chronologically impossible for the Applicant to carry such burden to show his entitlement for relief by a Preponderance of the evidence, and for the appointment of Counsel to insure that all available grounds for relief are included in the application. Therefore, Applicant request[s] that this Court appoint Counsel in the above mention[ed] application. Applicant moves this Honorable Court to grant leave to amend this application in this cause of action due to the lack of Counsel and Applicant is a Lay person at Law.
>
> Applicant seeks this Court['s] approval of this application so that Applicant['s] right to a PCR won't be deem[ed] abandon[ed] due to the fact that Applicant has only one year to file this application from the date of a final Judgment or from the remittitur to the Lower Court which ever comes first.

*Id.* at 342. On January 5, 2015, Petitioner, represented by Leah Moody, amended his application to include an additional ground of prosecutorial misconduct. *Id.* at 424. A hearing was held on April 14, 2015, and Petitioner was represented at the hearing by Moody. *Id.* at 348-421. On October 13, 2015, the PCR court dismissed the PCR application with prejudice. *Id.* at 423-30. In its order, the PCR court stated that Petitioner raised the following issues at the hearing: "trial counsel was ineffective for not having a gun suppressed, failing to advise [Petitioner] that he faced life without parole, failing to object to the display to the jury of a pair of black gloves, failing to object to the State witnesses' 'false testimony,' and failing to object to the introduction of certain state exhibits." (ECF No. 14-1 at 423-27).

Petitioner appealed the denial of PCR relief. Assistant Appellate Defender Lanelle Cantey Durant filed a *Johnson* petition for writ of certiorari in the Supreme Court of South Carolina,

dated April 6, 2016, raising the following ground for relief:

> Did the PCR court err in not finding trial counsel ineffective for not insuring that Petitioner Mitchell understood clearly that he was facing a mandatory life without parole (LWOP) sentence if found guilty at trial which was prejudicial to Petitioner because he would have taken the ten year plea offer if he had understood the LWOP required sentence?

(ECF No. 14-4 at 3). Petitioner also filed a pro se brief, raising the following issues:

> (1) Did the P.C.R. court err in not finding trial counsel ineffective for not suppressing a pistol or not objecting to false testimony by government witness or not finding prosecutorial misconduct for the pistol.
>
> (2) Did the P.C.R. court err in not finding trial counsel ineffective for not objecting to the refrence and presentment of inadmissible evidence, or false testimony by government witness or for not finding prosecutorial misconduct for the second pair of black gloves.
>
> (3) Did the undersigned P.C.R. Judge err in not finding trial counsel ineffective for failure to motion for suppression of in-court identification.
>
> (4) Did the undersigned P.C.R. Judge erred in not reviewing Petitioner's issues in light of Judge Kinard's orders or making sure Judge Kinard's orders were carried out.

(ECF No. 14-5 at 2). On November 7, 2017, the South Carolina Court of Appeals denied the petition. (ECF No. 14-6). On November 27, 2017, the remittitur was sent down. (ECF No. 14-7).

Petitioner then filed this Petition for writ of habeas corpus on April 26, 2018, raising the following grounds for relief, quoted substantially verbatim:

> **Ground One:** Ineffective Assistan[ce] of counsel; Failure to motion for suppression of incourt identification.
>
> **Supporting Facts:** No physical evidence presented at trial connect[]s Petitioner to the crime. No forensic evidence places Petitioner at the crime scene or as the second suspect. Victim witness admitted to drinking all that day. Victims witness gave a vague or inconsistent description the night of the crime. Victim witness admitted that they were never asked to identify anyone in a physical or photo line up. Officers admitted to it being very dark. Officers admitted to seeing and hearing other people out there that night. Officers admitted to losing sight of the second suspect during chase. Officer[s] were so confused as to who they were chasing, officers made the mistake of arresting one of the victims as a suspect. Officers . . .

5

admitted they watch[ed] the second suspect, who was Petitioner, come out of the house putting a do-rag on his head. Do-Rag was D.N.A. tested, evidence says, Petitioner can be excluded as a possible contributor to the mixture, found in the do-rag. Petitioner was never Placed in a physical or photo line up, officers admitted to not conducting a line up test. There was never a[n] out of court identification made. Victims witness[es] were allowed to give a[n] in court identification two years later. Counsel['s] cross examination was on the victim witness[es'] reliability and accuracy of their description of suspect. Officers lack of duty. Counsel['s] closing argument was based on mistaken . . . identi[t]y. Counsel failed to motion for suppression of in court identification. Facts!

**Ground Two:** Ineffective assistan[ce] of counsel; failure to suppress inadmissible evidence and object to false testimony by government witness.

**Supporting Facts:** Petitioner was charged with "possession of pistol with serial number obliterated" (warrant att[a]ched). Forensic evidence sheet, states collecting a pistol with serial number 541498 (Forensic report att[a]ched). Possession of pistol with serial number obliterated was dismissed at prelim[ina]ry hearing. On the Grounds that forensic report stated collecting a pistol with serial Number, forensic detective testified serial numbers from the pistol were the same number on the forensic report. [F]orensic detective did this act only by word of mouth ever by the numbers. Petitioner subpoena[ed] the pistol to PCR court and it was v[ie]wed by the late judge E.J. Kinard. Judge Kinard called out se[ver]al sets of numbers none to be a match to the serial number on the forensic report. Petitioner pointed out to Judge Kinard that the pistol he held in his hand was not the pistol in the picture in evidence, and he agreed. Counsel failed to suppress and object to Inadmissible evidence and false testimony. Facts!

**Ground Three:** Ineffective assistan[ce] of counsel; failure to object to false testimony and ref[e]rence to inadmissible evidence by government witness.

**Supporting Facts:** During trial solicitor hands Officer Rowe a pair of black gloves, and asked him "if they refresh[] his memory"? Officer states, "This is a pair of black gloves that I recovered at 21:51 hours from G. Crawford. The black gloves are not part of evidence recovered (rule 5 motion). The black gloves were ref[e]rence to and not enter[ed] into evidence. The black gloves w[ere] false evidence used to make a[n] association with the already convicted co-defendant, and Petitioner, note, officer testified he recovered a pair of black gloves out of Petitioner[']s Pocket. Now he's testifying he recovered a pair of black gloves out of the co-defendant['s] pocket. Officer testified he never had contact with Petitioner['s] co-defendant. The Rule 5 motion does not state a second pair of black gloves recovered or that Officer Rowe recovering a pair of black gloves from the codefendant (Rule 5). Counsel failed to object to this evidence. Facts!

**Ground Four:** Ineffective assistan[ce] of counsel; failure to object correctly to

6

inadmissible evidence not part of Rule 5 motion.

**Supporting Facts:** The state asked C. Ellis about his signature on a R.H.P.D. property evidence sheet, stating he signed to receive his cell phone back, exhibit 23. The cell phone was not enter[ed] into evidence physically or photographically. C. Ellis testified, the evidence sheet he signed for his cell phone was on the 18th day of October. The evidence sheet in the Rule 5 motion states C. Ellis signing on the 4th of October (R.H.P.D. Evidence sheets att[a]ched). Officer testified he did not return any Property other than on October 4, 2010. The office[r] who suppose to have retur[n]ed the cell phone did not testify to returning the phone. The Evidence sheet states R.H.P.D. got victim witness cell phone out my possession, I never saw it. Exhibit 23 is not part of the Rule 5 motion. The state moved to enter exhibit 22 and 23 into evidence. Counsel objected to exhibit 23, but failed to give any grounds on why exhibit 23 should not be allowed into evidence. Counsel objecting to exhibit 23 and not giving the Reason for his objection is proof counsel was aware that exhibit 23 was not part of the Rule 5 motion. A[n] inventory sheet, with no state witness testifying that he returned the cell phone to victim witness, a[n] inventory sheet with no photo[]s of the allege[d] evidence was used to put Petitioner in possession of a victim witness Property. The Rock Hill P.D. Inventory sheet in the Rule 5 I received show[]s that the victim witness' printed their name to receive[] Property (R.H.P.D. evidence sheet 1 and 2), but when the victim witness signed their statements [i]t was done in cursive (statements att[a]ched victim witness). Facts!

**Ground Five:** Ineffective assistan[ce] of counsel; failure to object to inadmissible evidence not part of Rule 5 motion.

**Supporting Facts:** Solic[i]tor moved to enter exhibits 17, 18, 19 and 20, Picture of the hallway, trash can, the strip closet of Rock Hill City Jail. The Picture[s] were not part of the Rule 5 motion, the pictures were not taken the night of the crime. They did not prove the officer[']s testimony that there was a black wallet in the trash can (Picture att[a]ched).

**Ground Six:** Ineffective assistan[ce] of counsel; failure to investigate and keep defendant informed of important development.

**Supporting Facts:** Counsel informed me that the state was serving Life notice, Petitioner informed him, he was not on his third strike. Counsel failed to investigate Petitioner[']s record, and let him know it was a two strike law he was being served under. At the end of trial Petitioner testified over and over he was not on his third strike. Counsel failed to inform Petitioner of the deliverance of a certified copy of a conviction sheet, counsel testified that the state provided him with a copy at the beg[inni]ng of trial. Counsel never explained two strike Law to me.

**Ground Seven:** Prosecutorial misconduct

**Supporting Facts:** There are (4) four pieces of ev[ide]nce that [the] prosecutor use[d] that were inadmissible. [T]he pistol, reason explained in section two. The second pair of black gloves, reason explained in section three. The rock hill evidence sheet, reason explained in section four, and the picture of Rock Hill City jail, reason explained in section five. All of these improper methods so Infected the trial with unfairness as to make the resulting conviction a denial of Due Process.

(ECF Nos. 1 at 5-10; 1-1 at 1-9 (citations to records omitted)).

In her Report, the magistrate judge found that the issues raised in Grounds Four and Five are procedurally barred, and Petitioner could not show cause and prejudice. (Report at 18-19). As to remaining grounds, the magistrate judge found them to be without merit. (Report at 22-32). Petitioner timely filed timely objections (ECF No. 23), and Respondent filed a reply (ECF No. 25).

## II. Discussion

### A. Grounds Four and Five

The magistrate judge found Grounds Four and Five to be procedurally barred (Report at 19), and Petitioner has not objected to this finding. Finding no clear error, the court adopts this portion of the Report, and Respondent is granted summary judgment on Grounds Four and Five.[4]

### B. Grounds One and Three

The magistrate judge also found Grounds One and Three to be without merit (Report at 22-24, 27-29), and Petitioner has not objected to this finding. Finding no clear error, the court adopts this portion of the Report, and Respondent is granted summary judgment on Grounds One and Three.

---

[4]As the magistrate judge noted, in his response opposing Respondent's summary judgment motion (ECF No. 17), Petitioner did not address Grounds Four and Five. (Report at 19 n.7).

8

### C. Remaining Grounds

Petitioner specifically objected to the magistrate judge's recommendation as to Grounds Two, Six, and Seven, and the court addresses those objections below.

In Ground Two, Petitioner contends that trial counsel was ineffective for failing to object to the introduction of the pistol. (ECF No. 14-1 at 133, 146). Officer Weeks testified at trial that the gun found at the crime scene was the same gun referred to in the forensics report. Petitioner argues that this was false testimony because the gun had a different serial number than the gun described in the forensics report. The third number of the six-figure serial number was partially obliterated and difficult to read. (ECF No. 14-1 at 392). The forensic report listed the serial number as 541498, but the trial judge looking at the gun, which was in evidence, read into the record that its serial number was 544498. *Id.* at 393. The PCR court noted that trial counsel had objected to the introduction of the gun, but the objection was overruled. During the PCR hearing, the following occurred:

> Q: Mr. Mitchell, the number that the [trial] judge read out, how is it different from the number that you say Mr. Weeks originally documented?
>
> A: It documented on his forensic report as –
>
> Mr. Johnson: Objection, that would be hearsay, Your Honor.
>
> A: On the forensic report that's right here.
>
> The Court: If the report came in, he can refer to it.
>
> A: Here you go right here. It states 541498, not no 55, nothing. It's 541498, and that's not the same pistol in that picture.
>
> The Court: All right.

(ECF No. 14-1 at 393). Petitioner argues that the PCR court made a finding about the serial numbers and the guns not being the same when he stated, "All right." (ECF No. 23 at 2). The court disagrees. The PCR court was merely moving the hearing along and not making a finding

9

that the guns were not the same. Moreover, in his dismissal order, the PCR court determined the gun was properly admitted (ECF No. 14-1 at 429), which would be inconsistent with Petitioner's argument that the PCR court stated the guns were not the same. At the PCR hearing, trial counsel testified that he did not believe that Officer Weeks gave any false testimony. (ECF No. 14-1 at 404). He acknowledged that the serial number was difficult to read, and he testified that the obliterated serial number would not have been relevant to his preparation of the case because the charge of possession of a firearm obliterated serial number had been previously dismissed. *Id.* Trial counsel stated that there was no evidence that Petitioner had possessed the pistol, and there were no fingerprints on the guns, and his trial strategy was to establish that Petitioner never had the gun. *Id.* at 405.

The PCR court determined that trial counsel articulated a valid reason for his trial strategy - concentrating on the lack of evidence showing Petitioner had ever possessed the gun. The PCR court's decision was not contrary to, nor an unreasonable application of, existing federal law. To the contrary, it is well accepted under federal law that an attorney's failure to object to certain testimony is within the bounds of sound trial strategy. "Counsel does not perform below a professional standard by electing to pursue one trial strategy instead of another." *See Wilson v. United States*, No. PJM-12-1136, 2014 WL 1292224, at *3 (D. Md. Mar. 27, 2014).

In Ground Six, Petitioner contends that trial counsel was ineffective for failing to object to the questioning of an officer about a pair of black gloves and the admission of the gloves into evidence. The prosecutor asked the officer if he was able to identify the gloves, and the officer answered no. (ECF No. 14-1 at 238). At the PCR hearing, trial counsel stated that the gloves were never offered into evidence and he did not think that the displaying of the gloves warranted a motion for a mistrial. (ECF No.14-1 at 408). He also testified that the gloves were alleged to have come from Petitioner's co-defendant. *Id.* Moreover, he testified that he did not ask for a curative

instruction because he thought such an instruction would have unduly emphasized the gloves. *Id.* The PCR court found trial counsel had articulated a valid reason for his trial strategy and was not deficient. The PCR court's conclusions that counsel's choices were valid trial strategy and did not constitute deficient performance are reasonable applications of federal law, and are a reasonable determination of the facts.

Trial counsel's decision not to move for a mistrial was not deficient as the circumstances did not warrant a mistrial. *See United States v. Chapman*, 593 F.3d 365, 368 (4th Cir. 2010) (holding decisions regarding mistrial are tactical decisions entrusted to the sound judgment of trial counsel). Additionally, trial counsel's decision not to move for a curative instruction so as not to emphasize the gloves was a valid trial strategy. It is well accepted under federal law that an attorney's failure to object to certain testimony is within the bounds of sound trial strategy. *See Jones v. Clark*, 783 F.3d 987, 994 (4th Cir. 2015) (holding "[t]here may be cases when not objecting is supported by sound trial strategy, such as when counsel does not want to draw additional attention to the evidence or provide the opportunity for another government witness to testify."). Moreover, it can also be a reasonable trial strategy to forego a curative that would remind jurors of particular evidence. *See United States v. Harris*, 124 Fed. App'x 144, 146 (4th Cir. 2001). Accordingly, the court finds that the PCR court's conclusions that counsel's choices were valid trial strategy and did not constitute deficient performance are reasonable application of federal law, and are a reasonable determination of the facts.

In Ground Seven, Petitioner alleges the prosecutor committed misconduct by introducing the following inadmissible evidence: a pistol, a pair of black gloves, an evidence log from the Rock Hill Police Department, and a picture of a trash can inside the Rock Hill city jail. As he argues in regard to Ground Two, Petitioner contends that the pistol introduced at trial is not the same pistol which was sent for forensic testing because he argues that the serial numbers are

11

different. Petitioner contends that the introduction of the other items of evidence violated Rule 5, S.C. Crim. P. (ECF No. 1-1 at 5, 9).

To establish prosecutorial misconduct, Petitioner must show (1) the government's conduct was improper; and (2) the conduct prejudicially affected substantial rights so as to deprive defendant of a fair trial. *See United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007). The Supreme Court has held that to rise to the level of a due process violation, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (internal citations omitted).

For the reasons discussed above, the court finds that the introduction of the pistol was not prosecutorial misconduct. Simply because one of the serial numbers was difficult to read does not mean a prosecutor commits misconduct for introducing it into evidence. *See Wise v. Walker*, No. 09-cv-0268 RMW-PR, 2010 WL 3059395, *6 (N.D. Cal. Aug. 2, 2010) (holding "petitioner has only alleged that because the serial numbers did not match, [to establish prosecutorial misconduct] the prosecution must have known that the evidence was false."). Additionally, trial counsel testified he received all of the evidence from the prosecution, and the prosecution had not violated Rule 5. (ECF No. 14-1 at 402). He further testified that he did not see any other basis to object to this evidence. *Id.* at 403. The PCR court found that the prosecution's vigorous prosecution did not amount to prosecutorial misconduct and concluded that this ground was without merit. The court finds that the PCR court's conclusion that trial counsel was not deficient is a reasonable application of federal law, and a reasonable determination of the facts.

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Respondent's Summary Judgment Motion (ECF No.13) is **GRANTED** and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has fad to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 20, 2018